Luther MILLER, Petitioner,

v.

W. K. CUNNINGHAM, Superintendent, Virginia State Penitentiary, Richmond, Virginia, Respondent.

Civ. A. No. 85.

United States District Court
W. D. Virginia,
Charlottesville Division.

Dec. 5, 1961.

MICHIE, District Judge.

Luther Miller has filed a petition for a writ of habeas corpus ad subjiciendum in the United States District Court for the Western District of Virginia. The petition alleges that the petitioner has been deprived of his liberty and freedom by W. K. Cunningham, Superintendent of the Virginia State Penitentiary, in Richmond, Virginia. It further alleges that on July 8, 1958 a deputy sheriff of Frederick County, Virginia, came to Bunker Hill in West Virginia without proper papers for the arrest and extradition of petitioner and kidnapped petitioner against his will and transported him from West Virginia to Virginia without due process of law, thereby violating petitioner's constitutional rights; and that subsequently petitioner was tried and sentenced in Frederick County in violation of his constitutional rights.

The petition was not accompanied by the prescribed filing fee and does not ask that it be filed in forma pauperis but it will be treated as if it did and an order permitting such filing will be entered forthwith. The same order will dismiss the petition.

It is clear that a judge in the Western District of Virginia has no jurisdiction to consider a petition for habeas corpus which alleges that the petitioner is held in a state penitentiary which is in the Eastern District of Virginia. 28 U.S.C.A. § 2241. Ahrens v. Clark, 1948, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898; United States v. Hayman, 1952, 342 U.S. 205, 213, 72 S.Ct. 263, 96 L.Ed. 232.

In addition there is no allegation in the petition that the petitioner has exhausted his state remedies. A showing that these state remedies have been exhausted is a prerequisite to the granting of a petition directed to a federal judge. 28 U.S.C.A. § 2254. The petition must therefore be denied on this ground also.

And finally, while it is not necessary to decide the point at this time, it would appear to be, to say the least, extremely doubtful whether the facts alleged, that the petitioner was kidnapped from West Virginia and illegally brought to Virginia for trial, would if true constitute a ground for granting the writ of habeas corpus. See Cook v. Hart, 146 U.S. 183, 13 S.Ct. 40, 36 L.Ed. 934.

An order will be entered accordingly.